1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

KENNETH S. SYLVESTER, et al.

8

Plaintiffs,

9

v.

C17-168 TSZ

10

MERCHANTS CREDIT
CORPORATION,

MINUTE ORDER

11

12

Defendant.

13

The following Minute Order is made by direction of the Court, the Honorable
Thomas S. Zilly, United States District Judge:

14

15

16

(1)     Plaintiffs Kenneth and Lisa Sylvester ("plaintiffs") seek an order enforcing
a settlement agreement in this matter.  See Motion to Enforce Settlement Agreement,
docket no. 36.  The motion is not opposed.  Having considered plaintiffs' brief filed in
support of the motion, the Court **DENIES** the motion to enforce settlement agreement,
docket no. 36.

17

18

19

20

Trial courts may "summarily enforce . . . a settlement agreement entered
into by the litigants" while the litigation is pending.  *In re City Equities Anaheim,
Ltd*., 22 F.3d 954, 957 (9th Cir. 1994).  "Settlement agreements are interpreted
according to the principles of contract law." *Tucker v. Tucker*, 203 F.3d 832, 832
(9th Cir. 1999); *see also Jeff D. v. Andrus*, 899 F.2d 753, 760 (9th Cir. 1989)
("The construction and enforcement of settlement agreements are governed by
principles of local law which apply to interpretation of contracts generally.").

21

22

To form a valid and enforceable contract in Washington, the parties must
objectively manifest their mutual assent to the essential terms. *Yakima Cnty. Fire*

23

MINUTE ORDER - 1

*Prot. Dist. No. 12 v. City of Yakima*, 122 Wn.2d 371, 388, 858 P.2d 245 (1993). Under Washington law, a contract may be established by agreement of counsel even though the parties contemplated signing a more formal writing in the future. *Loewi v. Long*, 76 Wn. 480, 484, 136 P. 673 (1913); *Morris v. Maks*, 69 Wn. App. 865, 850 P.2d 1357 (1993). The party asserting the existence of the contract must show the terms of the contract are stated, agreed upon, and that "the parties intended a binding agreement prior to the time of the signing and delivery of a formal contract." *Plumbing Shop v. Pitts*, 67 Wn.2d 514, 520, 408 P.2d 382 (1965) (quoting *Loewi*, 76 Wn. at 484); *see also Keystone Land & Dev. Co. v. Xerox Corp.*, 353 F.3d 1070, 1073 (9th Cir. 2003). "Equally certain is that if the parties intended their legal obligations to be deferred until the execution of the formal writing, the preliminary writings and negotiations cannot constitute a contract." *Keystone*, 353 F.3d at 1073 (citing *Plumbing Shop*, 67 Wn.2d at 520-21); *see also KVI, Inc. v. Doernbecher*, 24 Wn.2d 943, 967, 167 P.2d 1002 (1946). The parties' intent to enter into a subsequent agreement "is strong evidence to show that they do not intend the previous negotiations to amount to any proposal or acceptance." *Pac. Cascade Corp. v. Nimmer*, 25 Wn. App. 552, 556, 608 P.2d 266 (1980) (quoting *Coleman v. St. Paul & Tacoma Lumber Co.*, 110 Wash. 259, 272, 188 P. 532 (1920)).

When a party moves to enforce the terms of a settlement agreement, that party bears the burden of "proving that there is no genuine dispute over the existence and material terms of the agreement." *Bringerhoff v. Campbell*, 99 Wn. App. 692, 696-97, 994 P.2d 911 (2000). The court must view the facts in the light most favorable to the non-moving party to "determine whether reasonable minds could reach but one conclusion." *Id.* at 697. Here, defendant's counsel confirmed "[w]e have a deal" after conferring with his client in response to plaintiffs' offer. *See* Declaration of Ryan L. McBride, Ex. B, docket no. 36-4 ("Email Correspondence"), at 7. However, that email and subsequent correspondence reflects an intent to enter into a subsequent agreement and that the parties would need to review and approve that subsequent agreement. For example, defendant's counsel—in the same email in which he stated "[w]e have a deal"—stated that he "had a question on how [plaintiff] wanted to handle the payments." *Id.* Plaintiffs' counsel later emailed a draft settlement agreement and asked "if [defendants' counsel had] any redlines." *Id.* at 12. Plaintiffs' counsel subsequently emailed defendants' counsel, stating that "you indicated you did not have any edits to the settlement agreement I proposed to you and were going to run the agreement by your decision maker and get back to me soon . . . ." *Id.* at 17. Although in some instances the parties may enter an enforceable settlement agreement even though they contemplate executing a future, more formal agreement, *see, e.g.*, *McKelvey v. Am. Seafoods*, No. C99-2108L, 2000 WL 33179292, at *1 (W.D. Wash. Apr. 7, 2000), this is not such a case. Taking the facts in the light most favorable to the non-moving party, the email

correspondence indicates that although the parties agreed to certain terms of the settlement, defendants' counsel expressly indicated that he would need to obtain client approval for the final agreement. The Court finds plaintiffs have failed to show that the parties "intended a binding agreement prior to the time of the signing and delivery of a formal contract." *Plumbing Shop*, 67 Wn.2d at 520. Moreover, Washington law requires "a stipulation in open court on the record, or a writing acknowledged by the party to be bound" in order to bind a party to a settlement agreement negotiated by the party's attorney. *Bryant v. Palmer Coking Coal Co.*, 67 Wn. App. 176, 178 (1992) (citing CR 2A and RCW 2.44.010). The purpose of this rule is to avoid situations where one party seeks to enforce a settlement agreement against another party that has not agreed to the settlement terms. *Id.* at 179.

(2)     The parties are ORDERED to file a Joint Status Report on or before August 30, 2019, addressing potential trial dates in October 2019.

(3)     The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 2nd day of August, 2019.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3