UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KENNETH S. SYLVESTER and
LISA A. SYLVESTER,

          Plaintiffs,

  v.

MERCHANTS CREDIT
CORPORATION,

          Defendant.

C17-168 TSZ

ORDER

THIS MATTER comes before the Court on Plaintiffs' Motion for Summary Judgment or in the Alternate, Partial Summary Judgment, docket no. 40, and Plaintiffs' Motion to Enforce the Court's February 13, 2018 and July 18, 2018 Orders, docket no. 41. Having reviewed all papers filed in support of the motions, and noting Defendant's non-opposition to both motions, the Court enters the following order.

**<u>Background</u>**

Kenneth and Lisa Sylvester ("Plaintiffs") defaulted on payments owed on a debt to Virginia Mason Hospital and Virginia Mason Medical Center Clinic. Ex. A to Summary

ORDER - 1

1 Judgment Motion (docket no. 40-4 at 8-9).[1]  After Plaintiffs' default, the debt was

2 assigned to Merchants Credit Association ("Defendant") for collection.  *Id.* at 9.  On

3 April 6, 2016, Defendant filed a complaint in Washington state court for the amount of

4 Plaintiffs' debt.  Ex. B to Summary Judgment Motion (docket no. 40-5 at 4-9).  On

5 May 20, 2016, Plaintiffs, through their counsel at Hyde & Swigart, filed an answer to the

6 complaint.  Ex. C to Summary Judgment Motion (docket no. 40-6).  Around November 9,

7 2016, Defendant sent an "Application for Writ of Garnishment" directly to Plaintiffs.

8 Ex. F to Summary Judgment Motion (docket no. 40-9); Lisa Sylvester Decl. ¶ 3 (docket

9 no. 40-2); Kenneth Sylvester Decl. ¶ 3 (docket no. 40-3).  Plaintiffs bring claims against

10 Defendant under the Fair Debt Collection Practices Act ("FDCPA") and the Washington

11 Consumer Protection Act ("CPA").  In particular, Plaintiffs allege that Defendant

12 violated 15 U.S.C. § 1692c(a)(2), which prohibits a debt collector from contacting a

13 consumer it knows is represented by an attorney with respect to the debt.

14 **Discussion**

15     **I.    Standard of Review**

16     The Court shall grant summary judgment if no genuine issue of material fact exists

17 and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).

18 The moving party bears the initial burden of demonstrating the absence of a genuine issue

---

[1] Though Plaintiffs did not properly authenticate the exhibits attached to the Motion, the Court considers them in its Order.  *Nev. Dep't of Corr. v. Greene*, 648 F.3d 1014, 1019 (9th Cir. 2011) ("At summary judgment, 'a party does not necessarily have to produce evidence in a form that would be admissible at trial.'") (quoting *Block v. City of Los Angeles*, 253 F.3d 410, 418-19 (9th Cir. 2001)).

of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  A fact is material if it might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  To survive a motion for summary judgment, the adverse party must present affirmative evidence, which "is to be believed" and from which all "justifiable inferences" are to be favorably drawn.  *Id.* at 255, 257.  When the record, however, taken as a whole, could not lead a rational trier of fact to find for the non-moving party, summary judgment is warranted.  *See Beard v. Banks*, 548 U.S. 521, 529 (2006) ("Rule 56(c) 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

**II.     Fair Debt Collection Practices Act**

To establish a violation of the FDCPA, a plaintiff must show that: "(1) the plaintiff has been the object of collection activity arising from a consumer debt, (2) the defendant collecting the 'debt' is a 'debt collector' as defined in the Act, and (3) the defendant has engaged in any act or omission in violation of the prohibitions or requirements of the act." *Quintanilla v. Bureaus, Inc*., 2019 WL 3028104, at *2 (W.D. Wash. July 11, 2019) (quoting *Yrok Gee Au Chan v. N. Am. Collectors, Inc.*, 2006 WL 778642, at *3 (N.D. Cal. Mar. 24, 2006)).

Pursuant to the FDCPA, "a debt collector may not communicate with a consumer in connection with the collection of any debt ... if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2). Plaintiffs allege that Defendant violated this provision when they sent the application for writ of garnishment notice directly to Plaintiffs knowing that they were represented by counsel with respect to that debt. The Court concludes that Plaintiffs are entitled to summary judgment on the FDCPA claim.

Defendant's application for writ of garnishment was a communication "in connection with the collection of [a] debt" because it informed Plaintiffs that Defendant intended to collect the debt by garnishing Plaintiffs' wages. Defendant also knew that Plaintiffs were represented with respect to that debt because "[r]epresentation in a debt collection action is representation with respect to the debt," *Camacho v. Jefferson Capital Sys., LLC*, 2015 WL 3454070, at *4 (N.D. Cal. May 29, 2015), and "the filing of an underlying lawsuit between a consumer and a debt collector is sufficient to put the debt collector on notice that a plaintiff is represented with respect to that debt." *Munoz v. California Bus. Bureau, Inc.*, 2016 WL 6517655, at *11 (E.D. Cal. Nov. 1, 2016). Plaintiffs were represented in the underlying debt collection action in state court by counsel from Hyde & Swigart. Ex. C to Summary Judgment Motion (docket no. 40-6). Defendant therefore knew that Plaintiffs were represented by counsel with respect to the debt when they sent Plaintiffs the writ of garnishment.

The Court GRANTS Summary Judgment with respect to Plaintiffs' FDCPA claim.

**III. Damages, Costs, and Attorney's Fees**

In an action brought by an individual, a debt collector who fails to comply with the FDCPA is liable to that individual in an amount equal to the sum of: (1) any actual

readily ascertain, such attorney's name and address." 15 U.S.C. § 1692c(a)(2). Plaintiffs allege that Defendant violated this provision when they sent the application for writ of garnishment notice directly to Plaintiffs knowing that they were represented by counsel with respect to that debt. The Court concludes that Plaintiffs are entitled to summary judgment on the FDCPA claim.

Defendant's application for writ of garnishment was a communication "in connection with the collection of [a] debt" because it informed Plaintiffs that Defendant intended to collect the debt by garnishing Plaintiffs' wages. Defendant also knew that Plaintiffs were represented with respect to that debt because "[r]epresentation in a debt collection action is representation with respect to the debt," *Camacho v. Jefferson Capital Sys., LLC*, 2015 WL 3454070, at *4 (N.D. Cal. May 29, 2015), and "the filing of an underlying lawsuit between a consumer and a debt collector is sufficient to put the debt collector on notice that a plaintiff is represented with respect to that debt." *Munoz v. California Bus. Bureau, Inc.*, 2016 WL 6517655, at *11 (E.D. Cal. Nov. 1, 2016). Plaintiffs were represented in the underlying debt collection action in state court by counsel from Hyde & Swigart. Ex. C to Summary Judgment Motion (docket no. 40-6). Defendant therefore knew that Plaintiffs were represented by counsel with respect to the debt when they sent Plaintiffs the writ of garnishment.

The Court GRANTS Summary Judgment with respect to Plaintiffs' FDCPA claim.

**III.     Damages, Costs, and Attorney's Fees**

In an action brought by an individual, a debt collector who fails to comply with the FDCPA is liable to that individual in an amount equal to the sum of: (1) any actual

damages sustained as a result of such failure; (2) any additional damages as the court may allow, but not exceeding $1,000; and (3) the cost of the action, together with reasonable attorney's fees. 15 U.S.C. § 1692k(a). Statutory damages are available to each plaintiff. *Sleeper v. Rent Recover, LLC*, 2014 WL 4455044, at *15 (E.D. Wash. Sept. 10, 2014) (15 U.S.C. 1692k(a)(2)(A) provides for statutory damages of up to $1,000 per individual plaintiff).

The Court GRANTS Plaintiffs' requested statutory damages of $2,000. However, Plaintiffs have provided no evidence with respect to any actual damages.

The Court GRANTS IN PART Plaintiffs' Motion to Enforce the Court's February 14, 2018 and July 18, 2018 Orders, docket no. 41. Plaintiffs are entitled to judgment in the amount of $3,787.50 against Defendant. The Court DENIES the motion as to additional sanctions.

**IV.  Remaining CPA Claim**

Plaintiffs provide no support in their Motion for the remaining CPA claim. Plaintiffs' CPA claim is DISMISSED with prejudice.

**Conclusion**

(1) Plaintiffs' Motion to Enforce, docket no. 41, is GRANTED IN PART. Plaintiffs are entitled to judgment in the amount of $3,787.50 against Defendant.

(2) Plaintiffs' Motion for Summary Judgment or in the alternate, Motion for Partial Judgment, docket no. 40, is GRANTED as to Plaintiffs' FDCPA claim. Plaintiffs are entitled to judgment for statutory damages of $2,000.

(3) Plaintiffs' remaining CPA claim, Count II, is DISMISSED with prejudice.

(4) Plaintiffs may file a motion for attorneys' fees and costs within 30 days of this order.

(5) The trial date of January 13, 2020 and all related deadlines are STRICKEN.

(6) The Clerk is DIRECTED to enter judgment consistent with this Order, to CLOSE this case, and to send a copy of this Order to all counsel of record.

Dated this 11th day of December, 2019.

*[signature: Thomas S. Zilly]*

Thomas S. Zilly
United States District Judge

ORDER - 6