UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KENNETH S. SYLVESTER and LISA ANN SYLVESTER,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>MERCHANTS CREDIT CORPORATION,<br><br>　　　　　Defendant. | C17-168 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on Defendant Merchants Credit Corporation's Motion for Relief from Judgment pursuant to Rule 60, docket no. 52 (Motion for Relief). Having reviewed all papers filed in support of, and in opposition to, the Motion for Relief, the Court enters the following Order.

**Background**

In February 2017, Plaintiffs filed a complaint against Defendant asserting violations of the Fair Debt Collection Practices Act and Washington's Consumer Protection Act. Complaint (docket no. 1).

ORDER - 1

Plaintiffs filed a Motion for Summary Judgment, docket no. 40, in October 2019. Defendant did not respond. Two months later, the Court granted Plaintiffs' Motion for Summary Judgment in part and entered Judgment in favor of Plaintiffs, which included prior discovery sanctions. December 11, 2019 Order (docket no. 44); Judgment by Court (docket no. 45).

In December 2020, Defendant filed this Motion for Relief. Defendant asserts that its former attorney, due to personal problems he was having, had left Defendant "completely uninformed about events and circumstances in a number of cases," including this matter. Motion for Relief at 2.

**Discussion**

Under Rule 60(b)(6), "[t]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any [] reason that justifies relief." Courts have granted relief under Rule 60(b)(6) where the party demonstrates "extraordinary circumstances which prevented or rendered [them] unable to prosecute [their case]." Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002) (quoting Martella v. Marine Cooks & Stewards Union, 448 F.2d 729, 730 (9th Cir. 1971)) (second alteration in original). Courts use the rule only "sparingly" to prevent manifest injustice. Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010).

Typically, attorney's actions are chargeable to their clients and do not constitute extraordinary circumstances under Rule 60(b)(6). Id. The Ninth Circuit, however, has held that "an attorney's gross negligence may constitute 'extraordinary circumstances'

ORDER - 2

1  under Rule 60(b)(6)." Tani, 282 F.3d at 1170.  Gross negligence is neglect so gross that

2  it is inexcusable.  Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012).

3        Defendant argues that the circumstances here justify relief under Rule 60(b)(6)

4  because it "was kept in the dark by its attorney," and its attorney "failed . . . to respond to

5  a summary judgment motion despite valid defenses."  Motion for Relief at 6.  But "[the

6  Rule 60(b)(6)] standard demands more than an attorney's failure to do [their] part at one

7  or more stages of the litigation."  United States v. Caplette, CR 08-65-GF-BMM, 2014

8  WL 12787644, at *4 (D. Mont. April 7, 2014).  Instead, to meet this standard, the cases

9  have required the attorney to have "virtually abandoned" their client.  Tani, 282 F.3d at

10 1170.  Additionally, "[d]ecisions finding an attorney's bad conduct sufficient to support

11 reopening of a closed proceeding involve misrepresentations by the attorney to the

12 client."  Caplette, 2014 WL 12787644, at *4 (citing cases); see also Contasti v. City of

13 Solana Beach, No. 09cv1371 WQH (BLM) 2012 WL 2722551, at *4 (S.D. Cal. July 9,

14 2012) (granting relief pursuant to Rule 60(b)(6) after attorney failed to oppose summary

15 judgment motion because client relied on attorney's misrepresentations about the status

16 of the case).

17       Though Defendant's former attorney failed to oppose Plaintiffs' Motion for

18 Summary Judgment, this does not amount to virtually abandoning Defendant.  Indeed,

19 the former attorney made several filings in the case, including filing an Answer to the

20 Complaint (docket no. 8), three Joint Status Reports (docket nos. 9, 22, and 32), a

21 Response to Order to Show Cause (docket no. 19), and a Response to Second Motion to

22 Compel (docket no. 26).  Further, after the Court's December 11, 2019 Order,

23

ORDER - 3

Defendant's former attorney continued to represent Defendant and filed a Response to Plaintiffs' Motion for Attorney Fees.  Response (docket no. 47).  These actions distinguish this case from <u>Tani</u> and <u>Lal</u>, where the clients "receiv[ed] practically no representation at all."  <u>Tani</u>, 282 F.3d at 1171 (attorney failed to sign stipulation to extend time to file an answer, timely file answer, serve copy of answer on plaintiff, contact plaintiff to conduct settlement discussions despite court orders, oppose motion to strike answer, and attend hearings); <u>Lal</u>, 610 F.3d at 525 (attorney, despite court orders, failed to make initial disclosures, meet and confer or participate in joint case management conference, and attend hearings).  Furthermore, Defendant does not claim that the former attorney made any misrepresentations to it about the case.[1]

Because Defendant's former attorney's behavior does not rise to the level of gross negligence, the Court declines to grant relief from judgment pursuant to Rule 60(b)(6).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) Defendant's Motion for Relief from Judgment pursuant to Rule 60 (docket no. 52) is DENIED.

//

//

---

[1] The Court also notes that this case is distinguishable from the Ninth Circuit cases granting relief under Rule 60(b)(6), because, in the Ninth Circuit cases, "the attorney's conduct resulted in the client's loss of the opportunity to be heard on the merits of their claims or defenses."  See <u>Caplette</u>, 2014 WL 12787644 at *5 (discussing that in previous cases where the Ninth Circuit granted relief lower courts had dismissed cases for failure to prosecute, entered default judgment, determined appellate review was time-barred, and decided party could not file federal habeas petition).

(2)  The Clerk is directed to send a copy of this Order to all counsel of record.

IT IS SO ORDERED.

Dated this 2nd day of February, 2021.

_____
Thomas S. Zilly
United States District Judge

ORDER - 5